IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY KENDRICK and ANTHONY SMITH, )<br>)<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>ORLANDO HARPER, )<br>)<br>  Defendant. ) | Civil Action No. 20-740<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 30 |

## MEMORANDUM OPINION

Plaintiffs Anthony Kendrick ("Kendrick") and Anthony Smith ("Smith") (collectively, "Plaintiffs") filed this *pro se* action pursuant to 42 U.S.C § 1983, arising out of allegations that they are at risk of contracting COVID-19 while detained at the Allegheny County Jail ("ACJ").

Presently before the Court is a Motion to Dismiss filed by Defendant Orlando Harper ("Defendant"). ECF No. 30. For the reasons that follow, the Motion to Dismiss is granted.[1]

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on May 21, 2020 by jointly filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), together with a proposed Complaint. ECF No. 1. The Court entered a Deficiency Order, based in part on Plaintiffs' failure to file separate IFP Motions on behalf of each Plaintiff. ECF No. 3. Plaintiffs subsequently cured the deficiencies and individually filed their IFP Motions, ECF Nos. 4 and 6, which the Court granted on July 2, 2020. ECF Nos. 8 and 9. Plaintiffs' Complaint was docketed on the same date. ECF No. 11.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 2, 44 and 46.

Plaintiffs' Complaint arises out of concerns regarding their potential exposure to COVID-19 while detained at ACJ. Id. at 2. Plaintiffs assert that there is "no way you can social dist[ance]" in the jail, given that they have cellmates and that inmates may be in close proximity while using showers or phones. Id. Plaintiffs also allege that medical staff "come in off the streets" and distribute medication without wearing gloves. Id. As a result, Plaintiffs allege that it "feels like we [are] on death row," and they assert that an individual has already died from COVID-19 at ACJ. Id. Based on this, Plaintiffs claim that Defendant violated their Fifth and Eighth Amendment rights. Id.

At the time Plaintiffs filed the instant Complaint, they were both detained as pretrial detainees at ACJ. Id. at 1. Smith was subsequently released from ACJ in July 2020. ECF Nos. 13 and 31.

Defendant filed the instant Motion to Dismiss and Brief in Support on November 9, 2020. ECF Nos. 30 and 31. After Plaintiffs failed to submit a timely response, the Court issued an Order to Show Cause, requiring Plaintiffs to show good cause why Defendant's Motion to Dismiss should not be granted due to their failure to respond. ECF No. 40.

On February 12, 2021, Plaintiffs submitted an "Affidavit Show Cause." ECF No. 41. Because Plaintiffs' Affidavit appears to respond to the substance of Defendant's Motion to Dismiss and supporting brief, the Court construes this Affidavit as Plaintiffs' Response to the Motion to Dismiss. Id.

The Motion to Dismiss is now ripe for consideration.

## II.     LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the

complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Plaintiff is proceeding *pro se*, the Court will liberally construe his Complaint and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III.     DISCUSSION

In support of the Motion to Dismiss, Defendant argues that Plaintiffs' claim arises under the Fourteenth Amendment, which requires that a detainee may not be punished prior to conviction or sentencing.  ECF No. 31 at 5.  Plaintiffs fail to state a plausible claim that their conditions of confinement amount to "punishment," he argues, because they only allege general dangers associated with COVID-19 in a correctional setting.  Id. at 5-7.  Although social distancing may be difficult to maintain in jail, this fact is incidental to incarceration, and it does not amount to punishment under the Fourteenth Amendment.  Id. at 6-7.  Defendant also refers to policies that ACJ officials have implemented to mitigate the risk of COVID-19.  Id. at 7.  For these reasons, Defendant argues that Plaintiffs fail to state a claim, and that their Complaint should be dismissed.

In response, Plaintiffs argue that there has been a lockdown at ACJ for twenty-three hours a day for a year.  ECF No. 41 at 3.  This has resulted at times in being locked in the cell for 6 days with no shower or other activity.  Id. at 1.  Plaintiffs also argue that no mental health professional is checking in on them, despite these trying conditions and having to deal with the presence of a life-threatening virus.  Id. at 2.  In addition, Plaintiffs argue that jail officials did not provide fruit to support their immune systems during the pandemic, and they object to jail officials conducting multiple strip searches in a week during a pandemic, when officials claimed to have smelled smoke.  Id.  Further, Plaintiffs argue that they are not given cleaning supplies every day, and that they are not provided with disposable trays for meals.  Id. at 1-2.

As the United States Supreme Court has held, prison officials are required to "provide humane conditions of confinement," and must take "reasonable measures to guarantee the safety of inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "For prisoners incarcerated following a conviction, the government's obligation arises out of the Eighth Amendment's prohibition on

cruel and unusual punishment." Cameron v. Bouchard, 815 F. App'x 978, 984 (6th Cir. 2020); see also Murray v. Keen, 763 F. App'x 253, 255 (3d Cir. 2019).  Where a pretrial detainee is challenging the conditions of his confinement, however, the claim arises instead under the Due Process Clause of the Fifth or Fourteenth Amendment.  See E.D. v. Sharkey, 928 F.3d 299, 307 (3d Cir. 2019) (citing Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008)).  Because Plaintiffs' claims arise of their confinement as pretrial detainees in a county jail, the Court will construe their claims pursuant to the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause requires that "a detainee may not be punished prior to an adjudication of guilt."  Sharkey, 928 F.3d at 307 (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)) (internal quotations omitted).  In order to determine whether a challenged condition of confinement amounts to punishment, courts look to "whether a condition of confinement is reasonably related to a legitimate governmental objective; if it is not, [the court] may infer 'that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees *qua* detainees.'"  Id. (quoting Hubbard, 538 F.3d at 232).

"Whether a condition of confinement is reasonably related to a legitimate government objective turns on whether the condition serves a legitimate purpose and is rationally related to that purpose."  Geovani M.O. v. Decker, No. 20-5053, 2020 WL 2511428, at *6 (D. N.J. May 15, 2020) (citing Hubbard, 538 F.3d at 232).  A challenged condition may amount to punishment if: "the disability is imposed for the purpose of punishment," meaning there is "an expressed intent to punish on the part of detention facility officials"; no "alternative purpose to which [the condition or deprivation] may rationally be connected is assignable for it"; or the condition or deprivation is "excessive in relation to the alternative purpose assigned [to it]."  Bell, 441 U.S. at 538 (quoting Kennedy v. Mendoza-Martinez, 472 U.S. 144, 168-69 (1963)).

5

In recent cases involving COVID-19, "several courts have declined to hold that a pretrial detainee's due process rights are violated simply because they are incarcerated and at a higher risk of contracting the virus." United States v. Haskins, No. 1:cr-19-328, 2020 WL 1974414, at *6 (M.D. Pa. Apr. 24, 2020) (collecting cases).  In considering whether conditions of confinement "amount to punishment" relative to COVID-19, courts have generally considered the detainee's health and conditions at the facility in that particular case, including whether officials have implemented adequate precautions.  See Oscar P.C. v. Tsoukaris, No. 20-5622, 2020 WL 4915626, at *9 (D. N.J. Aug. 21, 2020) (citing Cristian R. v. Decker, No. 19-20861, 2020 WL 2029336, at *2 (D. N.J. Apr. 28, 2020); Thakker v. Doll, 456 F. Supp. 3d 647 (M.D. Pa. 2020); Rafael L.O. v. Tsoukaris, No. 20-3481, 2020 WL 1808843, at *7-8 (D. N.J. April 9, 2020)).

Upon review, Plaintiffs fail to state a claim under the Fourteenth Amendment.  The specific conditions that Plaintiffs allege in the Complaint—having a cellmate and the close proximity of phones and showers—are incidental to incarceration, and do not imply any express intent to punish, or the lack of any reasonable relationship to a legitimate governmental objective.  Plaintiffs do not plead any facts demonstrating that they face a heightened risk beyond that of being incarcerated during the COVID-19 pandemic.  There are no allegations that ACJ officials have failed to meaningfully comply with the Centers for Disease Control and Prevention ("CDC") or other health agency recommendations relative to COVID-19 in correctional settings, for example, or that Plaintiffs suffer from any particular condition that exposes them to a heightened risk as a result of COVID-19.  For these reasons, Plaintiffs' allegations are insufficient to establish any violation of their Fourteenth Amendment rights.

To the extent Plaintiffs argue that officials have not provided sufficient mental health care, have imposed excessive lockdowns, have not provided daily cleaning supplies or disposable trays,

6

or have conducted improper strip searches, they have not raised these issues in their Complaint. Accordingly, the Motion to Dismiss is granted.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 30, is granted.  "If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  Phillips v. Cty of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  Accordingly, Plaintiffs will be granted leave to file an amended Complaint within twenty-one days to address the pleading deficiencies identified herein.

An appropriate Order will be entered.


Dated:  April 8, 2021                                            BY THE COURT,

                                                                               */s/ Maureen P. Kelly*
                                                                               MAUREEN P. KELLY
                                                                               UNITED STATES MAGISTRATE JUDGE



cc:   Anthony Kendrick
      125182
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219

      All counsel of record and registered *pro se* parties via CM/ECF.

---

[2] In support of the Motion to Dismiss, Defendant also argues that Plaintiffs have failed to exhaust their administrative remedies, and that Smith's claims are moot to the extent he seeks injunctive relief, because he has since been released from ACJ.  ECF No. 31 at 3-5 and 8-9.  Because the Court concludes that the Motion to Dismiss should be granted based upon Plaintiffs' failure to state a claim, it is not necessary for the Court to consider these issues.